UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Eric Hunt, | ) Case No. **CV 25-593-JFW(SSCx)** |
| | ) |
| Plaintiff, | ) **SELF-REPRESENTATION ORDER** |
| | ) |
| v. | ) |
| | ) |
| Netflix, Inc., et al., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

One or more of the parties to this action has elected to appear *pro se*. Persons appearing before this Court are not required to retain the services of a lawyer or obtain the advice of counsel. Individual litigants may represent themselves *pro se*, but corporations and associations must be represented by counsel. *See Church of the New Testament v. United States*, 783 F.2d 771, 773 (9th Cir. 1986) (unincorporated associations); *In re Highley*, 459 F.2d 554, 555 (9th Cir. 1972) (corporations). In addition, non-attorney litigants may not represent other individual litigants or trusts for which they serve as trustee. *See Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir.

1997) (minor children); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697-98 (9th Cir. 1987) (trust); *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1996) (other litigants).  A partner may not represent his or her own interest in a partnership *pro se*, and a sole shareholder may not represent a corporation.  *See In re Am. West Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) (per curiam) (partner); *United States v. High Country Broad. Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam) (shareholder).

Proceeding *pro se* has significant risks, and this Court wishes to make some of those risks known at the outset of this proceeding:

- Generally speaking, non-attorney litigants are less likely to be victorious than those assisted by counsel.
- The opposing party may have a lawyer, and that lawyer's duty is to achieve victory for his or her client.  He or she will take every step legally permissible to that end.
- The Court is a neutral adjudicator of the law. The role of the judge is to resolve disputes arising between the parties in accordance with the law. As such, the judge cannot assist you, cannot answer your legal questions, and cannot take sides in the dispute. Nor can any members of the judge's staff.
- You will be proceeding alone in a complex area where experience and professional training are greatly desired.

Simply stated, when you elect to proceed *pro se*, you are on your own and become personally responsible for litigating your action in accordance with the rules.  Practice in the federal courts is governed by the Federal Rules of Civil Procedure.  You **must** become familiar with these rules.  You will be held to the same standards as a lawyer as far as complying with the court procedures and the rules and regulations of the court system.

Because litigating an action in federal court often requires a great deal of time, preparation, knowledge, and skill, this Court highly recommends against proceeding without the assistance of counsel.  Some attorneys will represent clients on a contingency fee basis, whereby the fees associated with representation are subtracted from a judgment in favor of the client.[1]  However, should you wish to continue without counsel – fully understanding the risks – you are hereby ordered to carefully review the remainder of this Order, as it contains instructions for proceeding in this Court which **must** be followed.

This Order, while not comprehensive – and not a substitute for fully familiarizing yourself with the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules for the United States District Court for the Central District of California, the Orders of this Court, including the Court's Standing Order, Scheduling and Case

---

[1]  The Los Angeles County Bar Association Lawyer Referral and Information Service may be able to refer you to a lawyer who may or may not be willing to take your case on a contingency basis.

3

Management Order, and Civil Trial Order, as well as federal
and state case law applicable to this action – is intended to
bring certain aspects of law and motion practice to your
attention at an early stage in the litigation to remedy
problems commonly associated with *pro se* pleadings.[2]

**Communications with Chambers**:  Pursuant to Local Rule 83-2.11, parties **shall refrain** from writing letters to the
judge, making telephone calls to chambers, or otherwise
communicating with a judge unless opposing counsel is
present.  You may contact the Courtroom Deputy, at (213) 894-5396 or shannon_reilly@cacd.uscourts.gov, with appropriate
inquiries.  The Courtroom Deputy is **not** an attorney, and will
not provide you with any legal advice.  The Courtroom Deputy
cannot waive any of the requirements of this, or any other,
Order.  Should you wish to bring any matter to the attention
of the Court, you **must** do so in writing, and file it and
serve it on the opposing party.

**Jurisdiction**:  The Federal Rules of Civil Procedure
require that "[a] pleading which sets forth a claim for
relief ... shall contain (1) a short and plain statement of
the grounds upon which the court's jurisdiction depends."
Fed.R.Civ.P. 8(a).  This District's Local Rules further
provide that "[t]he statutory or other basis for the exercise
of jurisdiction by this Court shall be plainly stated in ...

---

[2]  The Local Rules for the United States District Court
for the Central District of California are available on the
district court's website: www.cacd.uscourts.gov

1  any document invoking this Court's jurisdiction."  Local Rule
2  8-1.

3      **This is extremely important.**  Unlike state courts,
4  federal courts are not courts of general jurisdiction, and
5  can only preside over matters authorized by the Constitution
6  and Congress.  *Bender v. Williamsport Area Sch. Dist.*, 475
7  U.S. 534, 541, 106 S. Ct. 1326, 1331, 89 L. Ed. 2d 501
8  (1986).  In other words, the party filing the action must
9  **prove** to the Court that jurisdiction over the action exists
10  **before** the Court can reach the merits of the complaint.  *See*
11  *Smith v. McCullough*, 270 U.S. 456, 459, 46 S. Ct. 338, 339,
12  70 L. Ed. 682 (1926) (A "plaintiff, suing in federal court,
13  must show in his pleading, affirmatively and distinctly, the
14  existence of whatever is essential to federal
15  jurisdiction. . ..").

16      Federal jurisdiction may be alleged either pursuant to 28
17  U.S.C. section 1331 for actions "arising under the
18  Constitution, laws, or treaties of the United States,"
19  otherwise known as "federal question" jurisdiction, or 28
20  U.S.C. section 1332 as an action "between citizens of
21  different States," otherwise known as "diversity"
22  jurisdiction.

23      To allege federal question jurisdiction, the complaint
24  should identify which right(s) the plaintiff(s) claim have
25  been violated, and which law, statute, or constitutional
26  amendment provides that right.  *See Keniston v. Roberts*, 717
27  F.2d 1295, 1298 (9th Cir. 1983).
28  / / /

Diversity jurisdiction has **two** requirements.  First, diversity jurisdiction requires complete diversity of citizenship, that is, all plaintiffs must have a different citizenship from all defendants.  *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373, 98 S. Ct. 2396, 2402, 57 L. Ed. 2d 274 (1978).  Residence and citizenship are distinct concepts, with significantly different jurisdictional ramifications:  "[i]n order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States *and* be domiciled within the State."  *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828, 109 S. Ct. 2218, 2221, 104 L. Ed. 2d 893 (1989).  "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return.  A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (citations omitted).  Corporations are citizens of both their state of incorporation and the state in which they have their principal place of business.  *See* 28 U.S.C. § 1332(c)(1); *see also New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1300-01 (9th Cir. 1989).  Unincorporated associations are citizens of the states of each member.  *See Fifty Associates v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1190 (9th Cir. 1970).  Second, when jurisdiction is based on diversity of citizenship, district courts do not have original

1  jurisdiction unless a party alleges an amount in controversy
2  exceeding $75,000.  *See* 28 U.S.C. § 1332(a).

3      Finally, you should understand that it is **insufficient**
4  for a party to merely claim that jurisdiction exists.
5  Sufficient **facts** must be alleged to allow the Court to assess
6  whether it has jurisdiction over the action.

7      **Service:**  Service is the formal delivery of a legal
8  pleading.  The Federal Rules of Civil Procedure have
9  different requirements for service to be effective depending
10 on the type of entity to be served: service on an individual
11 within the United States is governed by Fed.R.Civ.P. 4(e),
12 corporations and associations must be served in conformity
13 with Fed.R.Civ.P. 4(h), the United States and it agencies
14 must be served pursuant to Fed.R.Civ.P. 4(i), and state and
15 local governmental units require service under
16 Fed.R.Civ.P. 4(j).

17     Time limits for service of the complaint are set forth in
18 Fed.R.Civ.P. 4(m).  It is important to promptly and properly
19 serve the opposing party, especially with the summons and
20 complaint when initiating an action, because **failure to serve**
21 **within the time limits specified by the Federal Rules will**
22 **result in the dismissal of your action for lack of**
23 **prosecution.**  You **must** always inform the Court whenever you
24 serve a filing on an opposing party; this is done by filing a
25 proof of service. *See* Fed.R.Civ.P. 4(l).

26     **Discovery:**  Discovery is the mechanism by which the
27 parties to an action collect evidence relating to the case
28 from one another.  Certain information is expected to be

provided to the other side without a request.  *See*
Fed.R.Civ.P. 26(a).  If the other side seeks to obtain
discovery from you, you must cooperate and provide the
information sought on "any matter, not privileged, that is
relevant to the claim or defense of any party."  Fed.R.Civ.P.
26(b)(1).  The principal forms of discovery envisioned by the
Federal Rules are the production and inspection of documents,
requests for admissions, depositions and interrogatories.
Discovery disputes are resolved by, and should be brought to
the attention of, the magistrate judge assigned to the
action.  Discovery should begin early in the litigation and
may commence prior to the Scheduling Conference.

   **Motions:**  Motions are requests to this Court to make a
specified ruling or order.  The opposing party may file a
motion to dismiss your action, pursuant to Fed.R.Civ.P. 12,
or a motion for summary judgment pursuant to Fed.R.Civ.P. 56.
If the opposing party files and serves a motion on you, you
**must** oppose it if you disagree with the requested relief.
**Failure to oppose an otherwise properly supported motion may
result in the Court granting that motion.**  *See* Local Rule
7-12.  **Depending on the motion, this <u>may result in the
dismissal</u> of your case.**

   To oppose a motion, you **must** present the Court with a
statement explaining the basis of your opposition and the
legal authority supporting your contentions.  You **must** also
file any evidence upon which you intend to base your
opposition to a motion for summary judgment.  Pursuant to
Local Rule 7-9, your opposition is due **not later** than

twenty one (21) days before the date designated for the hearing of the motion.  If you need additional time to oppose the motion, you **must** file and serve an ex parte application requesting an extension of time **prior** to the date on which your opposition is due, and must demonstrate that the additional time you seek is warranted and that the requested extension is not a crisis of your creation, thus precluding you from seeking ex parte relief.  *See Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

**Motion to Dismiss:**  A Fed.R.Civ.P. 12(b)(6) motion to dismiss for failure to state a claim tests the legal sufficiency of the claims asserted in the complaint.  A dismissal under Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).  The Court must deny the motion unless it appears that the plaintiff can prove no set of facts that would entitle him to relief.  *See Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957).  When evaluating a Rule 12(b)(6) motion, the Court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *See Barron v. Reich*, 13 F.3d 1370, 1374 (9th Cir. 1994). However, the Court is not bound to assume the truth of legal conclusions merely because they are stated in the form of factual allegations.  *See Western Mining Council v. Watt*, 643

1   F.2d 618, 624 (9th Cir. 1981).  Dismissal is proper if a

2   complaint is vague, conclusory, and fails to set forth any

3   material facts in support of the allegations.  *See North Star*

4   *Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 583

5   (9th Cir. 1983).

6       **Motion for Summary Judgment:**  Summary judgment may be

7   granted when there are no material facts in dispute between

8   the parties, making a trial unnecessary.  To resist summary

9   judgment under Fed.R.Civ.P. 56, you **must** submit affidavits or

10  other documentary evidence, such as depositions and answers

11  to interrogatories, which set forth specific facts showing

12  there is a genuine issue for trial.  *See Klingele v.*

13  *Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).  Failure to

14  do so may result in the entry of summary judgment against

15  you.  You should also note that Rule 56(e) requires that

16  affidavits or declarations shall be made on personal

17  knowledge, set forth facts that are admissible as evidence,

18  and show affirmatively that the affiant is competent to

19  testify to the matters stated therein.  **Should you fail to**

20  **contradict the moving party with counter-affidavits,**

21  **declarations or other evidence, the moving party's evidence**

22  **may be taken as the truth, and final judgment may be entered**

23  **against you without a trial, thus ending your case**.  *See Rand*

24  *v. Rowland*, 154 F.3d 952, 960-61 (9th Cir. 1998).

25      To effectively address a summary judgment motion, you

26  should be aware of, and familiar with, the following United

27  States Supreme Court cases on summary judgment:  *Celotex v.*

28  *Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265

1  (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.

2  Ct. 2505, 91 L. Ed. 2d 202 (1986); *Matsushita Elec. Indus.*

3  *Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S. Ct. 1348, 89

4  L. Ed. 2d 538 (1986).

5       IT IS SO ORDERED.

6

7  Dated: **January 27, 2025**

8       _____

9                    JOHN F. WALTER
         UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28